UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.  **CV 15-8940 CAS (AFMx)**                                **Date:** November 20, 2015

Title      **Patrick Daugherty and Jo Ann Daugherty v. Antoinette Kunda and Mark Kunda**

Present: The Honorable:  Christina A. Snyder, U.S District Judge

| Connie Lee | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers)     **ORDER REMANDING MATTER TO STATE COURT**

On September 16, 2015, Patrick Daugherty and Jo Ann Daugherty ("Plaintiffs") instituted unlawful detainer proceedings against Antoinette Kunda and Mark Kunda ("Defendants") in state court. (Compl.) Defendants have allegedly continued in unlawful possession of the property located at 7453 Forbes Ave., Lake Balboa, California (the "Property") that is owned by Plaintiffs. (Compl. ¶¶ 3, 4.) On March 28, 2012, Plaintiffs entered into a one year lease with Defendants at a rate of $2,200.00 per month. (Compl. ¶ 6.) Plaintiffs estimate the fair rental value of the property as $73.33 per day. (Compl. ¶ 11.) Plaintiffs filed the unlawful detainer Complaint in state court after Defendants failed to comply with a notice to quit. The face of the Complaint states that the amount demanded does not exceed $10,000, and Plaintiffs specifically allege past due rent of $4,100.00, plus damages accruing at a rate of $73.33 per day and reasonable attorney fees. Defendant Antoinette Kunda filed an Answer on November 2, 2015, which made no reference to federal law defenses or issues. Defendant Kunda removed the action to this Court on November 17, 2015. The Notice of Removal asserts federal question jurisdiction in this Court and refers to violation of federal housing and civil rights laws by Plaintiffs. The Notice of Removal at page 9 is also explicit in stating that Defendants are not asserting diversity jurisdiction: "THIS IS NOT BASED on grounds of diversity of citizenship . . . ." (emphasis in original.)[1]

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*,

---

[1] Moreover, it is clear from the face of the Complaint that no diversity jurisdiction exists under 28 U.S.C. § 1332. The amount demanded on the face of the Complaint is alleged not to exceed $10,000 − well below the statutory threshold of $75,000. The Complaint specifically asserts a claim for $4,100.00 plus damages accruing at a rate of $73.33 per day and reasonable attorney fees. (Compl. at ¶¶ 11, 17.) Defendant has made no plausible allegations showing how those damages would exceed $75,000.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **CV 15-8940 CAS (AFMx)**                                   **Date:** November 20, 2015

Title     **Patrick Daugherty and Jo Ann Daugherty v. Antoinette Kunda and Mark Kunda**

511 U.S. 375, 377 (1994).  It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue.  *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).  A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists.  *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  A "strong presumption" against removal jurisdiction exists.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

     Subject matter jurisdiction exists over civil actions "arising under" federal law.  28 U.S.C. § 1331.  A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plaintiff's Complaint here contains a single cause of action for unlawful detainer, a state law claim.  There is no federal question jurisdiction even if Defendants alleged an actual or anticipated federal defense to the claim or a counterclaim arising under federal law.  *See Caterpillar, Inc.*, 482 U.S. at 392-93; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).  This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiffs' complaint.

     Defendants also allege that jurisdiction exists under 28 U.S.C. §1443(1).  "'[T]he ground for removal [under section 1443(1)] is both specific and extremely narrow.'"  *JP Morgan Chase Bank, NA v. Reznik*, 2015 WL 5156442 at *2 (C.D. Cal. Sept. 1, 2015) (quoting *Davis v. Super. Ct. of State of Cal.*, 464, F.2d 1272, 1273 (9th Cir. 1972).  Attempts to use section 1443(1) as a basis for removal of unlawful detainer actions have been repeatedly rejected by the district courts in California.  *See, e.g., JP Morgan Chase Bank, NA, supra; Deo v. Guzman*, 2015 WL 6123735 (E.D. Cal. Oct. 16, 2015); *Bank of America, N.A. v. Amil,* 2013 WL 1283444 at *3 (N.D. Cal. Feb. 1, 2013); *HSBC Bank USA v. Cabal*, 2010 WL 3769092 (S.D. Cal. Sept. 21, 2010).  Section 1443(1) provides a two-part test that must be met for removal:  "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. . . .  Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."  *People of State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970).  As to the first prong, Defendants have made reference to a variety of federal statutes and constitutional provisions.  Assuming *arguendo* this satisfies the requirement of "explicit statutory enactment protecting equal racial civil rights," the Notice of Removal does not meet the second prong.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **CV 15-8940 CAS (AFMx)**                                **Date:** November 20, 2015

Title      **Patrick Daugherty and Jo Ann Daugherty v. Antoinette Kunda and Mark Kunda**

Defendants have failed to identify any California statute or constitutional provision that commands California courts to ignore their federal rights.  *See Patel v. Del Taco, Inc.* 446 F.3d 996, 999 (9th Cir. 2006) (case remanded where defendants "point to no formal expression of state law that prohibits them from enforcing their civil rights in state court nor . . . to anything that suggests that the state court would not enforce their civil rights in state court proceedings.")  The only specific state law provisions cited in the Notice of Removal — "California Civil Code procedures authorizing evictions" (cited at page 7), California Civil Code § 2924(foreclosure statute, cited at page 8) and California Rule of Civil Procedure 367 (real party in interest, cited at page 14) — cannot be read to require California state courts to disregard federal racial civil rights.  *See JP Morgan Chase Bank, NA* at *2 (citation to California's non-judicial foreclosure and unlawful detainer statutes did not satisfy the "specific and extremely narrow" removal requirements of section 1443).

      In sum, Defendants have failed to meet the burden of showing federal question jurisdiction exists. The Court thus REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

cc:  Pro Se Defendants

|  | 00:00 |
|---|---|
| **Initials of Preparer** | CL |